UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-cr-0084-JMS-DML-1 |
| | ) | |
| JONATHAN MICHAEL ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on January 7, 2016, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on January 20, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 20, 2016, defendant Jonathan Michael Anderson appeared in person with his appointed counsel, Joseph Cleary.  The government appeared by Brad Blackington, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Anderson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Anderson questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Anderson and his counsel, who informed the court they had reviewed the Petition and that Mr. Anderson understood the violations alleged. Mr. Anderson waived further reading of the Petition.

3. The court advised Mr. Anderson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Anderson was advised of the rights he would have at a preliminary hearing. Mr. Anderson stated that he wished to waive his right to a preliminary hearing.

4. Mr. Anderson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Anderson executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Anderson of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against his unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Anderson, by counsel, stipulated that he committed Violation Numbers 1, and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of controlled substance."** |
| | On November 3-, December 16, 21, and 24, 2015, the offender provided urine samples which tested positive for cocaine. On December 21, 2015, the offender advised the probation officer he has been using cocaine daily since his release from the RRC. |
| 2 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying apportion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay."** |
| | On December 3, 2015, the probation officer referred the offender for drug treatment. Since his referral he has attend only one partial session in which he did not fully complete the intake process. The offender failed to attend a follow up session on December 22, 2015. |

7. The Court placed Mr. Anderson under oath and directly inquired of Mr. Anderson whether he admitted violations 1, and 2, of his supervised release set forth above. Mr. Anderson admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Anderson's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of Mr. Anderson's supervised release, therefore, is 12 -18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended to the Court a modification to Mr. Anderson's conditions of supervised release to include residing at a Residential Reentry Center for a period

of up to six (6) months. Mr. Anderson is to self-surrender upon designation by the Federal Bureau of Prisons.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the joint recommendation of the parties and the USPO, **NOW FINDS** that the defendant, JONATHAN MICHAEL ANDERSON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED**, and he is to reside at the Volunteers of America for a period of up to six (6) months with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation. Mr. Anderson is to self-surrender upon designation by the Federal Bureau of Prisons. Mr. Anderson is released and is to follow the terms of supervised release pending designation.

Counsel for the parties and Mr. Anderson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Anderson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Anderson's supervised release to include residing at the Volunteers of America for a period of up to six (6) months with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation. Mr. Anderson is to self-surrender upon designation by the Federal Bureau of Prisons. Mr. Anderson is released and is to follow the terms of supervised release pending designation.

IT IS SO RECOMMENDED.

Date: February 5, 2016

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal