UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:14-cr-0084-JMS-DML-1 |
| | ) | |
| JONATHAN MICHAEL ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On March 3, 2016, the Court held a hearing on the Petition for Warrant or Summons for

Offender Under Supervision filed on February 24, 2016.  Defendant Anderson appeared in

person with his appointed counsel William Dazey.  The government appeared by Brad

Blackington, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer

Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P.

32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Anderson of his rights and provided him with a

copy of the petition.  Defendant Anderson waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Anderson admitted violations 1, 2, 3,

and 4.  [Docket No. 60.]

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

**1**    **"The defendant shall not commit another federal, state, or local crime."**

As previously reported to the Court, on January 29, 2016, a search was conducted of the offender's residence. Officers located small bags with drug residue, digital scales, and used hypodermic needles throughout his apartment. Mr. Anderson was arrested at the scene by the Indianapolis Metropolitan Police Department. On February 9, 2016, the offender pled guilty in Marion County, Indiana, in 9G14-1602-F6-004189, to Unlawful Possession of Syringes, a felony. The offender was sentenced to time served, followed by 347 days probation.

**2**    **"The defendant shall refrain from any unlawful use of a controlled substance."**

As previously reported to the Court, on January 20, 2016, the offender tested positive for cocaine and opiates. He admitted cocaine use and claimed the opiate positive was from prescribed pain medication. The sample was lab confirmed as positive for heroin on February 5, 2016. The offender also tested positive for opiates and cocaine on November 30, December 16, 21, and 24, 2015.

**3**    **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**

As previously reported to the Court, on January 20, 2016, the probation officer instructed the offender to contact his employer and return to work. On January 27, 2016, the offender claimed he contacted his employer and was instructed to not return to work until he was at the Residential Reentry Center (RRC). The probation officer confirmed Mr. Anderson did not contact his employer and has not returned to work.

**4**    **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

On February 10, 2016, the offender called the probation officer and left a voice mail advising he was staying at the Good News Mission Men's Shelter in Indianapolis. On February 18, 2016, the probation officer attempted to locate the offender at the shelter; however, staff advised he was not staying there. The probation officer has no information to confirm Mr. Anderson ever stayed at the shelter. On February 19, 2016, the offender was required to meet with his Marion County probation officer, but failed

to show up for the appointment.  At this time, the probation officer has no information on the offender's whereabouts and has had no contact with him since February 10, 2016.

4.　　The parties stipulated that:

(a)　　The highest grade of violation is a Grade B violation.

(b)　　Defendant's criminal history category is IV.

(c)　　The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5.　　The parties jointly recommended a sentence of 12 months and 1 day with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day with no supervised release to follow.   The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Court will make a recommendation of placement at FCI Loretto.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:  03/04/2016

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal